IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GEIGER, | * |
| | * |
| Plaintiff, | * |
| | * |
| | * CIVIL ACTION NO.: 3:06cv194-WHA |
| v. | * |
| | * |
| RYAN FULLER SMALLWOOD, | * |
| | * |
| Defendant. | * |

## MOTION FOR A QUALIFIED PROTECTIVE ORDER
## PURSUANT TO 45 C.F.R. § 164.512 (3)

Comes now the Defendant Ryan Fuller Smallwood in the above-styled action and requests that this Honorable Court enter, pursuant to 45 C.F.R. § 164.512 (3), a Protective Order, allowing the Defendant to obtain information from any health care providers, health care plans, insurance companies, or employers of the Plaintiff. In support of this Motion, the Defendant states as follows:

1. The Plaintiff's physical condition and her medical expenses are at issue in this litigation. In her Complaint, the Plaintiff has alleged personal injuries and medical treatment and costs as a result of the Defendant's conduct.

2. The Defendant is entitled to issue Subpoenas to the Plaintiff's health care providers, health care plans, insurance companies, or employers requesting information and documentation regarding the Plaintiff's medical records and charges for medical treatment.

3. The Defendant anticipates that the Plaintiff's healthcare providers, health care plans, insurance companies, and employerss are subject to the privacy requirements set forth at 45 C.F.R. § 164.512 and are prohibited from disclosing information regarding the Plaintiff absent a Qualified Protective Order pursuant to 45 C.F.R.' 164.512 (3).

4.     The Defendant states that upon the entry of a Protective Order by this Court, any information the Defendant receives from the Plaintiff's healthcare providers, health care plans, insurance companies, and/or employers will exclusively be used and disclosed only for the purposes of this litigation and said information and documentation will be destroyed at the end of this litigation.

WHEREFORE, the Defendant respectfully requests this Honorable Court to enter a Protective Order, pursuant to 45 C.F.R. § 164.512 (3) authorizing the Plaintiff's healthcare providers, health care plans, insurance companies, and employers to disclose protected health information to the parties for the purposes of this litigation only.

                                                            Stanley A. Martin (MAR049)
                                                           Attorney for Defendant
                                                           Ryan Fuller Smallwood

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131  FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Protective Motion upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Benjamin H. Parr
Post Office Box 229
Opelika, Alabama 36803

This __5__ day of March, 2007.

_____
Stanley A. Martin

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GEIGER, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.: 3:06cv194-WHA |
| RYAN FULLER SMALLWOOD, | * |
| Defendant. | * |

### PROTECTIVE ORDER

Counsel for all parties are hereby granted the right, upon compliance with the applicable provisions of the Federal Rules of Civil Procedure, to obtain from all health care providers, health plans, insurance companies, or employers all information relating to the past, present, and future physical condition of the Plaintiff, as well as all information relating to the provision of health care to the Plaintiff and payment for the provision of such health care. This Protective Order is intended to help the parties and third parties who receive Subpoenas from the parties comply with the requirements of the federal HIPPA Privacy Rules, 45 C.F.R. § 164.512 (3), as a Qualified Protective Order under that regulation. This Protective Order expressly authorizes disclosure of protected health information, as defined in the Privacy Rules, by the parties and third parties to counsel for the parties, subject to timely objection according to the notice provision of FRCP 45. The parties and counsel for the parties may use and disclose such information for the purpose of this proceeding only and are to destroy such information (including all copies made) at the end of litigation.

DONE this the _____ day March, 2007.

_____
W. Harold Albritton
Senior United States District Judge