# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GEIGER, | ) |
| | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) CASE NO.  3:06cv194-WHA |
| | ) |
| | ) |
| RYAN FULLER SMALLWOOD, | ) |
| | ) |
| DEFENDANT. | ) |

## TRIAL BRIEF

COMES NOW the Plaintiff, **CYNTHIA GEIGER**, by and through her attorney Benjamin H. Parr, and submits the following brief pursuant to the Court's pretrial order:

## FACTS

The Plaintiff alleges that the Defendant negligently operated his vehicle, causing a collision on September 24, 2004.  The Plaintiff was traveling on US Highway 431 in Phenix City, Alabama, at a speed of approximately 60 miles per hour.  The speed limit on the highway is 65 miles per hour.  The Defendant was attempting to make a turn across the Plaintiff's lane of traffic.  The Defendant pulled across the highway, and was struck by Plaintiff's vehicle.  At the time of the accident, the Defendant stated that he believed he had enough time to make it across.  The Plaintiff had no opportunity to avoid the collision.  The Defendant, at deposition, testified that his transmission failed, and that this

had been an ongoing problem with the vehicle. There is no independent analysis of the vehicle to support any mechanical failure.

The Plaintiff and her daughter, a passenger in the vehicle, were transported to the emergency room. The Plaintiff initially did not believe she was injured, and was concerned for her daughter. While at the emergency room, the Plaintiff began to experience pain, stiffness, and numbness in her neck. She was treated at the emergency room, and then treated by Dr. Paris, a general practitioner. Dr. Paris referred the Plaintiff to Dr. William Adams. Dr. Adams evaluated the Plaintiff, and determined that she had a degenerative disc disease, spondylosis, and a white spot on her spinal cord. While the degenerative disease was obviously not caused by the accident, Dr. Adams testified at deposition and noted in his reports that the white spot on the spinal cord may have been caused by a forward flexion injury. The level of vertebrae at which Dr. Adams performed surgery was the level where the white spot in the cord was located.

The Plaintiff incurred medical bills in the amount of $23,109.86. Plaintiff testified at deposition that she endured pain and suffering, and mental suffering and anguish. The Plaintiff does not claim any lost wages as a part of this suit, as she used her rehabilitation time to effect a planned change of employment. Property damage has already been settled.

**LEGAL ISSUES**

I.    **NEGLIGENCE**

      Plaintiff alleges that Defendant negligently operated his vehicle, causing the collision. At the scene, Defendant stated that he believed he had enough time to make it across. At deposition, Defendant testified that his transmission slipped or failed, and that the problem had occurred before. Plaintiff alleges that Defendant negligently failed to yield the right of way to oncoming traffic. Even if the jury believes that the Defendant's transmission failed, the Defendant's testimony shows that the problem was preexisting and ongoing defect, thus the Defendant was still negligent.

II.    **DAMAGES**

      Plaintiff alleges that her injuries were proximately caused by the Defendant's negligence. The Defense has asserted that there is insufficient proof that the Plaintiff's injuries were caused by the collision, relying on the Plaintiff's degenerative disc condition as an alternate explanation for her injuries and surgery. It is true that the Plaintiff has a degenerative condition, and Dr. Adams testified at deposition that almost every member of the population has degenerative issues associated with aging. Dr. Adams testified that it is possible that the Plaintiff's degenerative condition made her more susceptible to injury, possibly resulting in the white spot on her spinal cord. It is well settled Alabama law that aggravation of a preexisting condition may form the basis

for recovery, and it is in the discretion of the jury to determine what portion of the injury is attributable to the negligence of the defendant.  Further, if the condition is latent and made the plaintiff more susceptible to injury, then the entirety of the damages may be recovered.

Plaintiff asserts that her medical expenses were reasonable and necessary for the treatment of her injuries.  The defense has asserted that, because Dr. Adams only said the expenses were less than other hospitals charge, Plaintiff cannot prove that the charges were reasonable.  It is well settled Alabama law that the reasonableness and necessity of medical treatment is a question for the jury.  *Brannon v. Webster*, 562 So. 2d 1337, 1339 (Ala. Civ. App. 1990).  Further, *Code of Alabama §* 12-21-5, et. seq., allows the Plaintiff to prove the reasonableness of medical expenses by affidavit.  The reasonableness and necessity of Plaintiff's medical expenses are a question for the jury.

## **PRESENTATION AT TRIAL**

Plaintiff anticipates introducing the exhibits identified in her exhibit list.  Plaintiff will testify in support of her case, and no other witnesses are anticipated.  Plaintiff will also introduce the previously identified portions of Dr. Adams deposition.  Plaintiff anticipates the trial will last one day.

Respectfully submitted this the 23rd day of April 2007.

                                                                                            _____//s//_____
                                                                       Benjamin H. Parr (PAR-112)
                                                                       Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this day delivered a true and correct copy of the foregoing TRIAL BRIEF to the Attorney for the Defendant, Stan Martin, by hand delivery on this the 23rd day of April 2007.

                                                                       _____//s//_____
                                                                    Benjamin H. Parr
                                                                    Attorney at Law
                                                                    410 Second Avenue
                                                                    Opelika, Alabama 36801
                                                                    Telephone Number: (334) 745-3333
                                                                    Facsimile Number: (334) 745-3155