IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA GEIGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.: 3:06cv194-WHA |
| v. | * | |
| | * | |
| RYAN FULLER SMALLWOOD, | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT RYAN FULLER SMALLWOOD'S
## TRIAL BRIEF

Pursuant to the Order on Pretrial Hearing dated April 5, 2007, the Defendant Ryan Fuller

Smallwood respectfully submits his Trial Brief as follows:

**Plaintiff's Trial Brief**

The Order on Pretrial Hearing required the Plaintiff Cynthia Geiger to file a Trial Brief with

the Court on or before April 23, 2007. The Plaintiff has not filed any Trial Brief, and the Defendant

moves the Court to grant such relief as the Court deems appropriate for the Plaintiff's failure to file

any Trial Brief. The Defendant is not able to respond to any particular issues or authorities presented

by the Plaintiff in light of the Plaintiff's failure to file a Trial Brief, as required by the Court.

**Liability Issues**

The Complaint alleges negligence and wantonness on the part of the Defendant. The Plaintiff

Cynthia Geiger claims personal injuries, physical pain and suffering, mental distress and anguish,

and medical expenses.

There is no basis whatsoever for any claim of wantonness in this case. This case arises out

of a motor vehicle accident on September 24, 2004 around 8:02 a.m. on U.S. Highway 431 at the

intersection with College Drive in Phenix City, Russell County, Alabama. The Defendant was traveling southbound on U.S. Highway 431, and the Plaintiff was traveling northbound on U.S. Highway 431 in the outside lane of traffic. The Defendant was attempting to turn left onto College Drive when his vehicle stalled, and the impact occurred with the Plaintiff's vehicle. Thus, this case involves a left turn by the Defendant, as the Plaintiff's vehicle was approaching from the opposite direction. This evidence is insufficient to submit the wantonness claim to the jury.

Wantonness is defined as follows:

> "Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury." APJI 29.00

Again, this evidence is insufficient as a matter of law to allow the wantonness claim to go to the jury. The Defendant will file a Motion for Judgment as a Matter of Law on this issue.

There will be an issue of negligence for the jury to decide as to the Defendant's left turn. There will also be an issue of contributory negligence on the part of the Plaintiff for the jury to consider. Specifically, the jury will need to consider the speed of the Plaintiff's vehicle. While the speed limit on U.S. Highway 431 is 65 miles per hour, the Plaintiff admitted that she was traveling between 60 and 65 miles per hour at the time of the accident. Alabama law is the applicable law in this case, and Alabama law requires in part as follows:

> "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching

2

and crossing an intersection...and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." See § 32-5A-170 Code of Alabama (1975)

The testimony is undisputed that this accident occurred at an intersection at a busy time of day. There was other traffic in the area, and the Plaintiff's speed was greater than is reasonable and prudent under these conditions.

The jury will also need to consider whether the Plaintiff had an opportunity to avoid the accident. The impact occurred in the outside northbound lane; therefore, the Defendant had already cleared the inside northbound lane in making his left turn. The impact was to the rear passenger side of the Defendant's vehicle. The Defendant submits that the Plaintiff had the opportunity to avoid the accident and should have avoided the accident.

> "A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent or contributorily negligent if he fails to discover a vehicle which he could have discovered in time to avoid the injury.
>
> A driver is also negligent or contributorily negligent if he sees a vehicle located in a dangerous situation upon a highway and does not then exercise due care to avoid injury or damage." APJI 26.08

"Contributory negligence is negligence on the part of the Plaintiff that proximately contributed to the alleged injuries and damages." APJI 30.00. There is sufficient evidence for the jury to consider the issue of contributory negligence based on speed, time, distance, and the Plaintiff's overall version of this accident.

**Damage Issues**

The Plaintiff had previous neck surgery on October 10, 1989 performed by Dr. William E. Adams at C5-6. While the Plaintiff went to the emergency room at The Medical Center, Inc. on September 24, 2004 after this accident, she did not see Dr. Adams until January 4, 2005. Dr. Adams has testified by deposition as follows:

a.    The Plaintiff has multiple level degenerative disc disease or spondylosis in her cervical spine.  (p. 14)

b.    The stenosis and a white spot on her spinal cord, as shown on the MRI, was caused by spondylosis.  (pp. 14, 21-22)

c.    Any continuing neck pain experienced by the Plaintiff is from her continuing degenerative problems.  (p. 31)

d.    The Plaintiff's cervical degenerative disc disease had been going on over a period of years before the accident in this case.  (pp. 33-34)

e.    The osteophytes in the Plaintiff's neck were there before this accident.  (p. 36)

f.    Dr. Adams did neck surgery on the Plaintiff at C3-4 on January 27, 2005.  (p. 15, 37) The surgery was to remove the osteophyte and the osteophytic ridge, both of which had been there for years and neither of which had any thing to do with this accident on September 24, 2004.  (pp. 37-38)

g.    The Plaintiff's hospital bill for the surgery was too high.  BlueCross/BlueShield of Georgia paid the bill.  (p. 38)

h.    The Plaintiff was "doing great, her examination was normal, and she could return to work," according to Dr. Adams as of her last visit on February 21, 2005, which was the last time

he saw the Plaintiff. (p. 40)

i.      The Plaintiff has not proved that Dr. Adams' treatment and bill were necessary and caused by this accident. The Plaintiff has not proved that her bills for the diagnostic studies and tests on January 17 and 19, 2005 were caused by this accident. Further, there has been no proof that these bills were reasonable and necessary as a result of this accident. Likewise, there has been no proof that the bill for the surgery on January 27, 2005 was reasonable and necessary as a result of this accident or that the surgery had anything to do with the accident. Instead, the evidence is to the contrary.

By setting forth the above facts, the Defendant does not waive any Objections to portions of Dr. Adams' deposition, certain medical bills and records, and certain exhibits and does not waive any grounds stated in the Defendant's Motion in Limine.

### Defendant's Objections to Portions of Dr. Adams' Deposition

The Defendant has filed Objections to Plaintiff's Identification of Deposition Testimony to be Used at Trial. The Defendant adopts those Objections in this Trial Brief. There has been no proof to a reasonable degree of medical certainty on issues of medical causation and the necessity of medical treatment. Dr. Adams was never asked a question to a reasonable degree of medical certainty, and his deposition testimony is clear that he does not have an opinion to a reasonable degree of medical certainty that this accident caused any injury to the Plaintiff. The deposition testimony is likewise clear that it is his opinion that the stenosis and the white spot on the Plaintiff's spinal cord were caused by sponydlosis, which has nothing to do with this accident.

The Defendant has also filed a Motion in Limine on this issue. The Defendant adopts the Motion in Limine in this Trial Brief.

**Defendant's Objections to Certain Medical Bills**

The Defendant again adopts his Objections to Plaintiff's Identification of Deposition Testimony to be Used at Trial. Specifically, the Defendant objects to the introduction of any of The Medical Center, Inc. bills dated January 17, 2005, January 19, 2005, and February 2, 2005, as there has not been the proper proof offered to allow the introduction of said bills. Dr. Adams did not testify that the treatment reflected in these bills were caused by or necessary because of the accident on September 24, 2004. He also never said the bills were reasonable. In addition, the Defendant objects to Dr. Adams' bill, as there is no testimony that his treatment and bill were necessary and caused by this accident.

**Defendant's Objections to Dr. Adams' Office Notes**

The Defendant further objects to any note by Dr. Adams in his records, The Medical Center, Inc. records, or any other records which states as follows:

> "I told her that her stenosis is probably not related to the accident, it is degenerative in nature although the white spot in the cord may be related to the accident. There is no way of knowing what it was like before but she certainly could have had a forward flexion injury and damaged her spinal cord at the time of the accident."

First, the Plaintiff has now taken Dr. Adams' deposition, so his deposition testimony is the best evidence on this issue. Further, the deposition was under oath. Also, this note shows that Dr. Adams is not able to express an opinion to a reasonable degree of medical certainty as to whether the accident caused any injury. The required proof is to a reasonable degree of medical certainty, which is lacking. The note, thus, contains an inadmissible opinion. As stated, the note has now been contradicted under oath by Dr. Adams, as he has stated that the stenosis and the white spot on the Plaintiff's spinal cord were caused by spondylosis rather than the accident.

6

### Defendant's Objections to Records or Bills Relating to Plaintiff's Surgery on January 27, 2005

The Defendant has further objected to any records or bills relating to the Plaintiff's surgery on January 27, 2005. There is no evidence, much less substantial evidence, of any proof to a reasonable degree of medical certainty that the surgery was caused by this accident. The Plaintiff should not be allowed to discuss or mention her neck surgery on January 27, 2005, as it is not related to this accident. The Defendant adopts his Motion in Limine on this issue.

### Plaintiff's Claim for Injuries

The Defendant respectfully submits that the Plaintiff's claim for injuries should only involve her emergency room treatment on September 24, 2004 and any alleged pain and suffering, mental distress and anguish, and medical expenses related to that emergency room visit. The Plaintiff has not offered or attempted to offer any follow-up visits with her regular family doctor, Dr. Ray Paris. Thus, the Plaintiff's claim should be limited to the emergency room treatment.

### Defendant's Motion for Judgment as a Matter of Law

The Defendant intends to file a Motion for Judgment as a Matter of Law at the close of the Plaintiff's case, in that the jury should not be allowed to consider the above issues, specifically the issues involving the Plaintiff's surgery on January 27, 2005. The jury should not be allowed to consider any medical bills of The Medical Center, Inc. dated January 17, 2005, January 19, 2005, and February 2, 2005 or any of Dr. Adams' bills for the reasons stated above.

7

## Conclusion

In sum, this case should go to the jury on the issues of negligence, contributory negligence, and damages relating to the Plaintiff's emergency room visit on September 24, 2004. The jury should also be allowed to consider the Plaintiff's testimony concerning her alleged pain and suffering and mental distress and anguish after the accident, but not including any alleged pain and suffering and mental distress and anguish in connection with the surgery.

_____
Stanley A. Martin (MAR049)
Attorney for Defendant
Ryan Fuller Smallwood

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Trial Brief upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Benjamin H. Parr
Post Office Box 229
Opelika, Alabama 36803

This 30th day of April, 2007.

_____
Stanley A. Martin

8