IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA GEIGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.: 3:06cv194-WHA |
| v. | * | |
| | * | |
| RYAN FULLER SMALLWOOD, | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT RYAN FULLER SMALLWOOD'S MOTION IN LIMINE**

Comes now the Defendant Ryan Fuller Smallwood in the above-styled action and moves the Court for an Order that the Plaintiff, the Plaintiff's attorney, and the Plaintiff's witnesses not be allowed to inquire into or mention certain matters at the trial of this case and as grounds in support thereof states as follows:

1.      This case arises out of a motor vehicle accident on September 24, 2004 on U.S. Highway 431 in Phenix City, Russell County, Alabama. The Plaintiff is claiming personal injuries, medical expenses, physical pain and suffering, and mental distress and anguish.

**Insurance**

2.      The Defendant moves the Court to enter an Order not allowing the Plaintiff, the Plaintiff's attorney, and the Plaintiff's witnesses to inquire into, refer to any documents, or mention any matters involving the Defendant's liability insurance coverage or any other issues involving liability insurance in this case, including, but not limited to, any conversations, correspondence, or any communication with representatives of State Farm Mutual Automobile Insurance Company, including, but not limited to, Sallie Johnson, Janet Smallwood, and the Defendant Ryan Fuller Smallwood, or anyone else concerning insurance. The Defendant has liability insurance coverage

with State Farm Mutual Automobile Insurance Company, and the injection of liability insurance in this case would be prejudicial to the Defendant.

### Settlement with State Farm

3.    The Defendant moves the Court to enter an Order not allowing the Plaintiff, the Plaintiff's attorney, and the Plaintiff's witnesses to inquire into or mention any matters involving any settlement with the Defendant's liability insurance carrier, State Farm.  State Farm settled the Plaintiff's claims for the Defendant's policy limits of $25,000.00.  The Plaintiff's underinsured motorist carrier, GEICO, then advanced State Farm's offer of settlement.  Again, any mention of this settlement would be prejudicial to the Defendant.

### Settlement with Crystal Davis

4.    The Defendant moves the Court to enter an Order not allowing the Plaintiff, the Plaintiff's attorney, and the Plaintiff's witnesses to inquire into or mention any matters involving any settlement with Crystal Davis. Ms. Davis was a Plaintiff and has dismissed with prejudice her action against the Defendant.  Ms. Davis is the Plaintiff Cynthia Geiger's daughter and was an occupant of the vehicle driven by Ms. Geiger in this accident.

### Property Damage

5.    The Defendant moves the Court to enter an Order not allowing the Plaintiff, the Plaintiff's attorney, and the Plaintiff's witnesses to inquire into or mention any matters involving the Plaintiff's property damage claim or the settlement of the property damage claim, as the property damage claim has already been paid and settled.

### Defendant's Traffic Violations and Accidents

6.    The Defendant moves the Court to enter an Order not allowing the Plaintiff, the Plaintiff's attorney, or the Plaintiff's witnesses to inquire or mention any matters involving the

Defendant's traffic violations or motor vehicle accidents on any occasion either before or after September 24, 2004. The Defendant's traffic violations or motor vehicle accidents, either before or after September 24, 2004, have nothing to do with the motor vehicle accident which is the subject of this case. The general exclusionary rule in civil cases prohibits the introduction of a party's good or bad character for the purpose of showing that, on the occasion in question, such party acted in conformity with that character. Rule 404(a) of the Federal Rules of Evidence states that evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, and Rule 404(b) states that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity herewith.

### The Plaintiff's Conversation with the EMS Worker

7.      The Defendant moves the Court to enter an Order not allowing the Plaintiff, the Plaintiff's attorney, or the Plaintiff's witnesses to inquire or mention any matters involving the Plaintiff's alleged conversation with an EMS worker at the scene of the accident. The Plaintiff alleges that the EMS worker asked her if the investigating officer checked the Defendant for a DUI. The EMS worker allegedly said he smelled alcohol on the Defendant. Any conversation between the Plaintiff and the EMS worker would be hearsay. There is no evidence that the Defendant had any alcohol on the day of this accident.

### Deposition Testimony of Dr. William E. Adams

8.      The Defendant moves the Court to enter an Order not allowing the Plaintiff's attorney and the Plaintiff's witnesses to use, offer, or attempt to offer portions of the deposition testimony of Dr. William E. Adams.

9.      Dr. Adams gave his deposition on March 13, 2007. Dr. Adams did not express

an opinion to a reasonable degree of medical certainty that this accident caused any injury to the Plaintiff Cynthia Geiger as a result of a motor vehicle accident on September 24, 2004. Dr. Adams also did not state or give an opinion that his treatment and any bill for his treatment, that any diagnostic tests or studies and any bills for such tests or studies, and that the Plaintiff's surgery and bills relating to the surgery were necessary as a result of the accident.

10.    Dr. Adams' deposition testimony is insufficient as a matter of law on the issue of whether this accident caused any injury to the Plaintiff Cynthia Geiger and whether any of the above treatment and bills were necessary as a result of the accident. Dr. Adams has not expressed an opinion based on a reasonable degree of medical certainty that this accident caused any injury to the Plaintiff Cynthia Geiger. The Defendant, thus, moves the Court to not allow any questions and answers from Dr. Adams' deposition which attempt to prove that the accident caused the Plaintiff Cynthia Geiger's alleged injury and surgery, which are specifically set forth in the Defendant's Objections to Plaintiff's Identification of Deposition to be Used at Trial and are adopted herein.

WHEREFORE, the Defendant Ryan Fuller Smallwood moves the Court to enter an Order forbidding the Plaintiff's attorney and the Plaintiff's witnesses from mentioning in any way, inquiring into, offering, attempting to offer, questioning, testifying, or presenting in any manner testimony, evidence, argument, or commenting on any of the foregoing.

Stanley A. Martin (MAR049)
Attorney for Defendant
Ryan Fuller Smallwood

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Motion in Limine upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Benjamin H. Parr
Post Office Box 229
Opelika, Alabama 36803

This 30th day of April, 2007.

_____
Stanley A. Martin