IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GEIGER, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.: 3:06cv194-WHA |
| RYAN FULLER SMALLWOOD, | * |
| Defendant. | * |

## DEFENDANT RYAN FULLER SMALLWOOD'S BRIEF IN SUPPORT OF MOTION IN LIMINE

Comes now the Defendant Ryan Fuller Smallwood in the above-styled action and submits his Brief in Support of his Motion in Limine as follows:

### Insurance

Rule 411 of the Federal Rules of Evidence precludes any mention of the Defendant's liability insurance coverage.

### Settlement with State Farm

Rule 411 of the Federal Rules of Evidence precludes any mention of any liability insurance. Likewise, there should not be any mention of the Plaintiff's underinsured motorist coverage. Rule 408 precludes any mention of any settlement by State Farm or any advance of the policy limits' offer of $25,000.00 by the Plaintiff's underinsured motorist carrier, GEICO. See also McElroy's Alabama Evidence §188.01.

### Settlement with Crystal Davis

Rule 408 and McElroy's Alabama Evidence §188.02 preclude any mention of the Defendant's settlement with Crystal Davis.

**Property Damage**

See Rule 408 and McElroy's Alabama Evidence §188.01.

**Defendant's Traffic Violations and Accidents**

Rule 404 (a) and Rule 404 (b) preclude any mention of any other traffic violations or accidents by the Defendant.

**The Plaintiff's Conversation with the EMS Worker**

Any such conversation would be hearsay. There is no evidence whatsoever of any alcohol use by the Defendant on the occasion of this accident or any time of the day of the accident. Any such evidence would be unduly prejudicial. See Rules 801 and 802.

**Deposition Testimony of Dr. William E. Adams**

The traditional method for asking a treating doctor his opinions on certain matters is to first ask the doctor whether he has an opinion based on his training, experience, and his treatment of a particular patient to a reasonable degree of medical certainty as to whether the accident caused the injury, and, if the doctor answers in the affirmative, then to ask that opinion. Likewise, if the Plaintiff is trying to establish the necessity of medical bills, then the proper form of the question is to ask the doctor whether he has opinion to a reasonable degree of medical certainty whether the treatment was necessary as a result of the accident. While the Courts may not always require a precise or exact wording of the question, there should be some medical evidence expressed to a reasonable degree of medical certainty that the accident caused the injuries and that the treatment and resulting bills were necessary as a result of the accident, particularly where surgery is involved and the Plaintiff had pre-existing conditions. Such testimony is lacking in this case.

APJI 11.09 is the pattern jury charge for personal Injury -medical expenses, and the jury charge is as follows:

> "The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay [and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future]. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence."

Thus, for any jury to consider any claimed medical expenses, the Plaintiff must offer evidence that the medical expenses are not only reasonable but are also necessarily incurred. Dr. Adams has not testified that his treatment of the Plaintiff, the diagnostic tests and studies, and the Plaintiff's surgery were necessarily incurred as a result of the accident made the basis of this case. He has also not expressed an opinion to a reasonable degree of medical certainty that the accident caused any injury to the Plaintiff. Instead, his testimony is that the Plaintiff had spondylosis or degenerative conditions which resulted in her having surgery. In fact, the surgery removed the osteophyte and the osteophytic ridge which pre-existed the accident.

/s/ Stanley A. Martin
Stanley A. Martin (MAR049)
Attorney for Defendant
Ryan Fuller Smallwood

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Defendant's Brief in Support of Motion in Limine upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Benjamin H. Parr
Post Office Box 229
Opelika, Alabama 36803


This 30th day of April, 2007.

_____
Stanley A. Martin