IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA GEIGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.: 3:06cv194-WHA |
| v. | * | |
| | * | |
| RYAN FULLER SMALLWOOD, | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT RYAN FULLER SMALLWOOD'S
## REQUESTED JURY CHARGES

### CHARGE  NO. 1

The burden of proof is upon the Plaintiff Cynthia Geiger to reasonably satisfy each and every one of you by the evidence of the truthfulness of the matters and things claimed by the Plaintiff Cynthia Geiger before the Plaintiff will be entitled to recover against the Defendant Ryan Fuller Smallwood.

GIVEN _____

REFUSED _____

APJI 8.00

## CHARGE NO. 2

The burden is on the Plaintiff Cynthia Geiger to reasonably satisfy the jury from the evidence that all material allegations of the Complaint are true.

GIVEN _____

REFUSED _____

APJI 8.00 References.

## CHARGE NO. 3

Negligence is the failure to use reasonable care to prevent harm to oneself or others.

A person's conduct is negligent when he or she either does something that a reasonably prudent person would not do in a similar situation, or he or she fails to do something that a reasonably prudent person would have done in a similar situation.

You must decide if the Defendant Ryan Fuller Smallwood was negligent in this situation and if the Plaintiff Cynthia Geiger was negligent in this situation.

GIVEN          _____

REFUSED        _____

APJI 28.01 (modified)

## CHARGE NO. 4

The Court charges the jury that there is no presumption of any negligence on the part of the Defendant Ryan Fuller Smallwood arising out of the fact that there was an accident and an alleged injury to the Plaintiff Cynthia Geiger.  Latham v. Redding, 628 So. 2d 490 (Ala. 1993); Thompson v. Lee, 439 So. 2d 113 (Ala. 1983).

GIVEN _____

REFUSED _____

## CHARGE NO. 5

The law does not permit you to conclude or assume that there was any negligence on the part of the Defendant Ryan Fuller Smallwood simply because the accident occurred. The burden of proof is upon the Plaintiff Cynthia Geiger to prove to your reasonable satisfaction all of the material allegations of the Complaint charging that the Defendant was negligent and that the negligence of the Defendant proximately caused the accident and the Plaintiff's alleged injuries and damages. If the Plaintiff Cynthia Geiger fails to meet her burden of proof, your verdict must be for the Defendant Ryan Fuller Smallwood. Lowe's Home Centers, Inc. v. Laxson, 655 So. 2d 943 (Ala. 1994).

GIVEN _____

REFUSED _____

## CHARGE NO. 6

Proof of negligence requires the establishment of a breach of a duty flowing from the Defendant to the Plaintiff which proximately causes damage to the Plaintiff.  Without damage to the Plaintiff Cynthia Geiger, caused by the actions of the Defendant Ryan Fuller Smallwood, there is no cause of action for negligence.  <u>Meads vs. RPM Pizza, Inc.</u>, 639 So. 2d 1352, 1355 (Ala. 1994)

GIVEN _____

REFUSED _____

## CHARGE NO. 7

Contributory negligence is negligence on the part of the Plaintiff Cynthia Geiger that proximately contributed to the alleged injuries and damages.

GIVEN _____

REFUSED _____

APJI 30.00

## CHARGE NO. 8

If you are reasonably satisfied from the evidence that the Plaintiff Cynthia Geiger was guilty of contributory negligence, the Plaintiff Cynthia Geiger cannot recover for any initial simple negligence of the Defendant Ryan Fuller Smallwood.

GIVEN _____

REFUSED _____

APJI 30.02

## CHARGE NO. 9

The Court charges the jury that if you are reasonably satisfied from all the evidence in this case that the Plaintiff Cynthia Geiger failed to use due care on the occasion complained of, and her failure to use such due care proximately resulted in her alleged injuries and damages, the Plaintiff Cynthia Geiger is guilty of contributory negligence and the Plaintiff Cynthia Geiger may not recover against the Defendant Ryan Fuller Smallwood.

GIVEN _____

REFUSED _____

## CHARGE NO. 10

A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent or contributorily negligent if he or she fails to discover a vehicle which he or she could have discovered in time to avoid the injury.

A driver is also negligent or contributorily negligent if he or she sees a vehicle located in a dangerous situation upon a highway and does not then exercise due care to avoid injury or damage.

GIVEN          _____

REFUSED       _____

APJI 26.08

## CHARGE NO. 11

The Defendant can prove contributory negligence on the part of the Plaintiff Cynthia Geiger by proving to your reasonable satisfaction that the Plaintiff Cynthia Geiger violated a rule or rules of the road, however, before such violation would be a defense on the part of the Defendant, such violation must proximately cause or proximately contribute to the injury complained of by the Plaintiff Cynthia Geiger.

I will now read to you certain of these rules of the road, the violation of which is prima facie contributory negligence only. This means that the violation of such a rule is presumed to be negligence but such violation is not under all circumstances negligence, and it is a jury question whether such a violation in a particular case is negligence.

The fact that I read a statute is no indication that the statute has been violated or that such violation proximately caused or proximately contributed to the injury complained of by the Plaintiff Cynthia Geiger. It is for you to decide whether or not the statute has been violated and whether or not any such violation proximately caused or proximately contributed to the injury complained of by the Plaintiff Cynthia Geiger, depending on what you find the facts to be.

ALABAMA CODE (1975) § 32-5A-170 states:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

GIVEN _____

REFUSED _____                                         APJI 26.19 (modified)

# CHARGE NO. 12

The cause of harm is that cause that naturally and probably brings about the harm.

GIVEN _____

REFUSED _____

APJI 33.00

## CHARGE NO. 13

You are the sole judges of the evidence and of the credibility of the witnesses. You may accept or reject any part of the testimony of any witness and you should accept only the testimony you consider worthy of belief. In determining the weight to be accorded the testimony of any witness, you may consider the demeanor of the witness while on the witness stand; his or her apparent candor or evasion or the existence or non-existence of any bias or interest.

GIVEN _____

REFUSED _____

APJI 15.02

## CHARGE NO. ___

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences she either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

GIVEN _____

REFUSED _____

APJI 29.00

## CHARGE NO. ___

On the Plaintiff's claim of wantonness, the Plaintiff must reasonably satisfy you that an alleged act of wantonness on the part of the Defendant Ryan Fuller Smallwood proximately caused the Plaintiff's alleged injuries.

GIVEN _____

REFUSED _____

## CHARGE NO. ___

To recover damages for a wanton act, the Plaintiff must reasonably satisfy you that the

Defendant acted with reckless indifference and consciously committed a wrongful act or omitted

some known duty, thereby producing the Plaintiff's injuries. <u>Morris v. Wilson</u>, 600 So. 2d 306

(Ala. Civ. App. 1992).

GIVEN _____

REFUSED _____

## CHARGE NO. ___

Evidence of negligence alone is not sufficient; mere negligence is characterized by thoughtlessness, heedlessness, and a lack of due care, whereas wantonness is characterized as an act which cannot exist without a purpose or intentional act. <u>Morris v. Wilson</u>, 600 So. 2d 306 (Ala. Civ. App. 1992).

GIVEN _____

REFUSED _____

**CHARGE NO. ___**

In order to establish wantonness, the Plaintiffs must reasonably satisfy you that the

Defendant Ryan Fuller Smallwood actually intended for the motor vehicle accident to occur.

Without evidence of an intentional act or intentional omission of duty by the Defendant, there

can be no finding of wantonness.    Morris v. Wilson, 600 So. 2d 306 (Ala. Civ. App. 1992).

GIVEN _____

REFUSED _____

**CHARGE NO. _____**

The Court charges the jury that in order for the Plaintiff to be compensated for damages,

the damages must be direct and reasonably certain, not remote or speculative.  <u>Lindy Mfg. Co. v.</u>

<u>Twentieth Century Marketing, Inc.,</u> 706 So. 2d 1169 (Ala. 1997).

GIVEN _____

REFUSED _____

## CHARGE NO. _____

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

GIVEN _____

REFUSED _____

APJI 11.22

**CHARGE NO. _____**

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay [and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future]. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

GIVEN _____

REFUSED _____

APJI 11.09

The Defendant has submitted certain unnumbered Jury Charges, as the Defendant does not believe some of them will be needed.  For example, the Defendant does not believe the wantonness claim should be submitted to the jury.

The Defendant Ryan Fuller Smallwood reserves the right to amend, supplement, or withdraw these Jury Charges.

_____
Stanley A. Martin (MAR049)
Attorney for Defendant
Ryan Fuller Smallwood

Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 FAX

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Requested Jury Charges upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Benjamin H. Parr
Post Office Box 229
Opelika, Alabama 36803

This 30th day of April, 2007.

_____
Stanley A. Martin