IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA GEIGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.: 3:06cv194-WHA |
| v. | * | |
| | * | |
| RYAN FULLER SMALLWOOD, | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT RYAN FULLER SMALLWOOD'S
## OBJECTIONS TO PLAINTIFF'S IDENTIFICATION OF DEPOSITION TESTIMONY
## TO BE USED AT TRIAL

Comes now the Defendant Ryan Fuller Smallwood in the above-styled action and objects to

the Plaintiff's Identification of Deposition Testimony to be Used at Trial as follows:

1.      Page 26, Lines 6-23 and Page 27, Lines 1-2:

"Q.      Were you able to make any medical determination as to whether the accident

caused the injury or not?

Mr. Martin: Object to the form.

A.      The accident occurred in September, and I didn't see her until January. It

could have, sure. But it may not have. I have no way of knowing, but that's

what she told me. She dated on to right then.

Q.      (Mr. Parr) You made a comment, I believe, in your notes from her

consultation that there is no way of knowing what it was like before, but she

certainly could have had a forward flexion injury and damaged her spinal

cord at the time of the accident. It that an accurate statement?

A.      That's right.

Mr. Martin: Object to the form."

The above questions are insufficient and incomplete, in that Dr. Adams was never asked whether he had an opinion based on a reasonable degree of medical certainty as to whether the accident caused the injury. Further, Dr. Adams' answers are such that it is clear that he does not know and is not able to express an opinion to a reasonable degree of medical certainty that the accident caused any injury to the Plaintiff. The second question references "could have," which is clearly not to a reasonable degree of medical certainty. These questions and answers really involve possibilities or speculation as opposed to a reasonable degree of medical certainty.

    2.      Page 29, Lines 7-23 and Page 30, Lines 1-15

        "Q.    If one has a degenerative disc condition, would that make them more

            susceptible to a traumatic injury to the spinal cord?

        Mr. Martin: Object to the form."

Again, the question does not reference whether Dr. Adams has a opinion to a reasonable degree of medical certainty. Also, the question is not specific to the Plaintiff, as the question is general in nature. The question does not specify any degree of "degenerative disc condition." Overall, the question is too general, vague, and insufficient, which results in an answer which is likewise very general and somewhat rambling. Further, neither the question nor the answer specifically reference this motor vehicle accident or any motor vehicle accident.

    3.      The Defendant objects to page 28 of Dr. Adams' deposition, if the Plaintiff is attempting to offer bills dated January 17, 2005, January 19, 2005, and February 2, 2005 from The Medical Center, Inc. The Plaintiff has not offered the proper proof concerning these bills. There is no proof that this treatment was caused by the accident, and there is no proof that the bills are reasonable and necessary as result of the accident. Dr. Adams did neck surgery on the Plaintiff at

C3-4 on January 27, 2005. (Pages 15 and 37 of Dr. Adams' deposition). The surgery was to remove

the osteophyte and the osteophytic ridge, both of which had been there for years and neither of which

had any thing to do with this accident on September 24, 2004. (Pages 37-38 of Dr. Adams'

deposition). Dr. Adams never stated that the diagnostic tests and studies reflected in the bills dated

January 17 and 19, 2005 or the surgery reflected in the bill dated January 27, 2005 were caused by

or necessary because of the accident on September 24, 2004.

       4.       The Defendant objects to page 27 of Dr. Adams' deposition, if the Plaintiff is

attempting to offer Dr. Adams' bill dated January 4, 2005. The Plaintiff has not offered the proper

proof concerning this bill. There is no proof that this treatment was caused by the accident, and there

is no proof that the bill is necessary as result of the accident.

_____

Stanley A. Martin (MAR049)
Attorney for Defendant
Ryan Fuller Smallwood


Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served an exact copy of the foregoing Defendant's Objections to Plaintiff's Identification of Deposition Testimony to be Used at Trial upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed with first class postage prepaid thereon.

Honorable Benjamin H. Parr
Post Office Box 229
Opelika, Alabama 36803


This 30th day of April, 2007.


_____
Stanley A. Martin