**11th Circuit PJI 2.1**
**Consideration Of The Evidence**
**Duty To Follow Instructions**
**No Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Granted _____             Refused _____             1

**11th Circuit PJI 3**
**Credibility Of Witnesses**


Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**11th Circuit PJI 4.1**
**Impeachment Of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**11th Circuit PJI 5.1**
**Expert Witnesses**
**General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**11th Circuit PJI 6.1**
**Burden Of Proof**
**When Only Plaintiff Has Burden Of Proof**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**11th Circuit PJI 7.1**
**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Granted _____        Refused _____        6

## NEGLIGENCE

**APJI  28.00 Definition**

Negligence is the failure to discharge or perform a legal duty owed to the other party.

**APJI  28.01  Negligence and Ordinary Care**

Negligence means the failure to exercise reasonable care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.
Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

**APJI  28.02 Duty Owed—Negligence and Ordinary Care**

The duty owed by the defendant to the plaintiff was to exercise reasonable care not to injure or damage the plaintiff; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

**APJI  28.03 Findings—One Plaintiff, One Defendant**

If you are reasonably satisfied from the evidence that the defendant was negligent and that the defendant's negligence proximately caused the alleged injury and damage, then your verdict must be for the plaintiff; however, if you find that the defendant was not negligent or if you find that the defendant's negligence was not the proximate cause of the plaintiff's injury and damage, then your verdict must be for the defendant.

**APJI 28.21 Negligence—Simple—Res Ipsa Loquitur**

It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when:

    a.   the event is of a kind which ordinarily does not occur in the absence of negligence

    b.   other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

    c.   the indicated negligence is within the scope of the defendant's duty to the plaintiff.

**MOTOR VEHICLES**

**APJI 26.00 Duty Owed by Operator of Motor Vehicle**

The driver of a motor vehicle upon a public highway is under a duty to exercise reasonable care to avoid inflicting injury or damage upon others who may be lawfully using the same public highway.

Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances.

**APJI  26.08 Duty to Keep a Lookout**

A driver of a motor vehicle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway. A motor vehicle driver is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which he could have discovered in time to avoid the injury.  A driver is also negligent if he sees a vehicle located in a dangerous situation upon a highway and does not then exercise due care to avoid injury and damage.

**APJI  26.14 Mechanical Failure**

It is the duty of the owner or operator of a motor vehicle to see that it is in a reasonably safe condition before operating it upon a public highway; where, however, the owner or operator of a vehicle, without knowledge of a defective condition, known or reasonably foreseeable, experiences a mechanical failure and such mechanical failure is the sole proximate cause of the injury or damages, the owner or operator cannot be held liable therefore.

**APJI 26.15  Assumption Others Will Obey Law**

A person operating a motor vehicle on the public highways or streets has a right to assume that other persons also using the highways or streets will obey the law and Rules of the Road or Ordinances relating to such use; and he/ she has a right to proceed on such assumption until the contrary is clearly evident to him/her or by the exercise of reasonable care should have been clearly evident to him/her.

**CONTRIBUTORY NEGLIGENCE**

**APJI  30.00 Definition**

Contributory negligence is negligence on the part of the plaintiff that proximately
contributed to the alleged injury and damage.

**APJI 30.01  Burden of Proof**

The defendant's answer raising contributory negligence is an affirmative defense.
Therefore, the burden is upon the defendant to reasonably satisfy you from the evidence
as to the truth of all of the material allegations of this defense.

**APJI 30.02 Effect Of**

If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover for any initial simple negligence of the defendant.

## PROXIMATE CAUSE

**APJI 33.00 Proximate Cause—Definition**

The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred.

## ISSUES

**APJI 21.01 Plaintiff's Negligence Claim—General Denial**

The plaintiff claims the defendant was negligent in and about the operation of his motor vehicle and that his negligence proximately caused certain injuries and damages suffered by the plaintiff.

The defendant in answer to the plaintiff's complaint denies said negligence.

This presents for your determination the following:

Was the defendant negligent as claimed by the plaintiff?

If so, was such negligence of the defendant the proximate cause of any injury and damage sustained as the plaintiff claimed?

If you find both of the above issues in favor of the plaintiff and against the defendant what sum of money will fairly and reasonably compensate her for the injury and damage sustained?

If either of the above elements is not proven to your reasonable satisfaction as to the defendant then your verdict should be in favor of such defendant.

**APJI  21.03 Plaintiff's Negligence Claim—Defense of Contributory Negligence**

The defendant has also interposed a defense of contributory negligence. By this defense the defendant claims that at the time and place specified the plaintiff herself was negligent in and about the operation of her own motor vehicle and that the plaintiff's own negligence proximately cause or proximately contributed to cause the injuries and damages claimed by her.

If you are reasonably satisfied from the evidence that the defendant was guilty of negligence which proximately caused injury and damage to the plaintiff and the plaintiff was not guilty of contributory negligence as claimed by the defendant then you will determine what sum of money will fairly and reasonably compensate her for the injury and damage sustained.

If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence as claimed by the defendant the plaintiff would not be entitled to recover.

## DAMAGES

**APJI 11.00 Introduction**

Ladies and Gentlemen of the jury, the Court will now instruct you on the law of damages. The burden is on the plaintiff to reasonably satisfy you from the evidence of the truthfulness of her claim. If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the defendant. In this event you would go no further. This would end your deliberations. On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the plaintiff's claim, your verdict should be for the plaintiff. In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge. I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the plaintiff.

**APJI 11.01 General**

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a proximate result of an act of negligence on the part of the defendant.

**APJI 11.02  Compensatory**

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate her for her injury and other damages which have been inflicted upon her as a proximate result of the wrong complained of.

**APJI 11.04 Personal Injury—Elements**

The plaintiff claims compensation for the following items or elements of damages:
1. Medical expenses
2. Pain and suffering
3. Aggravation of a pre-existing condition.
4. Mental anguish

**APJI 11.05 Personal Injury—Physical Pain and Mental Anguish**

The law has no fixed or monetary standard to compensate for physical pain and mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such physical pain and mental anguish as you find from the evidence the plaintiff did suffer.

If you are reasonably satisfied from the evidence that the plaintiff has undergone, or will undergo, pain and suffering or mental anguish as a proximate result of the injury in question, you should award a sum which will reasonably and fairly compensate her for such pain, suffering, or mental anguish already suffered by her and for any pain, suffering or mental anguish which you are reasonably satisfied from the evidence that she is reasonably certain to suffer in the future.

**APJI 11.07 Personal Injury—Aggravation of Pre-existing Conditions**

If you find for the plaintiff, she would be entitled to recover for all damages which are the proximate result of defendant's negligence, including damages for the aggravation of any injury or condition which may have existed at the time of the incident made the basis of plaintiff's complaint.

**APJI 11.09 Personal Injury—Medical Expenses**

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has incurred. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

**APJI 11.21 Mathematical Formula**

The suggestion of counsel in argument of a mathematical formula to compensate the plaintiff for pain and suffering is not an improper argument but neither this nor any other argument is evidence in the case. There is no legal yardstick by which such damages are measured. You are the sole judges of what amount of damages should be assessed in the event you find for the plaintiff. In any event your verdict must be based upon evidence and not upon speculation, guess or conjecture.

**APJI 11.22  Speculative**

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

## VERDICT

**APJI 37.00Introduction—Forms of Verdict**

Ladies and Gentlemen of the Jury, for your convenience, the court has prepared for your use in this case forms of verdict which will be explained to you. No inferences are to be drawn by you from the fact that the court has supplied you with these forms, or from the order in which the court reads them to you. When you have reached a verdict you will select and complete the form which corresponds to your verdict and which is to be signed by your foreman. All twelve of you must agree on any verdict which you return to the court.

Granted _____                          Refused _____     31

**APJI 37.03 One Plaintiff—One Defendant**

**Plaintiff's Verdict**

If, after a full and fair consideration of all the evidence you are reasonably satisfied therefrom that the plaintiff is entitled to recover then you should use the form of verdict which reads:

"We, the Jury, find for the plaintiff and against the defendant and assess the plaintiff's damages at _____ dollars ($_____).

_____
Foreman-Forewoman"

Fill in the blank spaces both in words and figures the amount arrived at by you.

**Defendant's Verdict**

If, after a full and fair consideration of all of the evidence, you are not reasonably satisfied therefrom that the plaintiff is entitled to recover, then you should use the form of verdict which reads:

"We, the Jury, find for the Defendant.

_____
Foreman-Forewoman"