# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GEIGER, | ) |
| | ) |
| | ) |
|     PLAINTIFFS | ) |
| | ) |
| V. | ) CASE NO. 3:06cv194-WHA |
| | ) |
| | ) |
| RYAN FULLER SMALLWOOD, | ) |
| | ) |
|     DEFENDANT. | ) |

## PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

COMES NOW the Plaintiff, **CYNTHIA GEIGER**, by and through her attorney Benjamin H. Parr, responds to the Court's order to show cause as follows:

### RESPONSE TO MOTION IN LIMINE

1. The Plaintiff agrees that, absent introduction of the issue by the Defendant, any mention of the Defendant's liability insurance would be inappropriate, and the Plaintiff has no intention of raising the issue.
2. The Plaintiff agrees that any mention of State Farm's settlement offer is inadmissible.
3. The Plaintiff agrees that, absent introduction of the issue by the Defendant, any mention of State Farm's settlement with Crystal Davis is inadmissible.
4. The Plaintiff agrees that, absent introduction of the issue by the Defendant, any mention of State Farm's property settlement is inadmissible.
5. The Plaintiff agrees that Defendant's traffic violations may not be offered to prove he acted in conformity with his previous conduct. Such violations would only become relevant for rebuttal if Defendant opens the door during his testimony.

6. Plaintiff agrees that any mention of the conversation with the EMS worker would be inadmissible hearsay, as well as speculative. Plaintiff has no intention of raising this issue.

**DR. ADAMS' DEPOSITION TESTIMONY**

7. Defendant is correct that Dr. Adams did not testify at his deposition that he believed to a reasonable degree of medical certainty that the accident caused the Plaintiff's injury. He did testify as follows:

> And I will tell you what I tell everybody, I don't know. You are the one that tells me when it starts, I don't tell you when it started. And they say – we get them all to fill out a piece of paper – that it started from the accident, then I accept that as the truth. I never doubt them.

Dr. Adams further testified, when asked if he was able to make any medical determination as to whether the accident caused the injury, "It could have, sure. But it may not have. I have no way of knowing, but that's what she told me. She dated it to right then."

8. It is clear from Dr. Adams' deposition that in a case where a patient has a degenerative condition and is involved in an accident such as the one in this case, there is no way for the doctor to determine to a reasonable degree of medical certainty that the accident either did or did not cause the injury. Dr. Adams testimony clearly shows that he never makes that determination. What Dr. Adams testimony clearly establishes is that, in his expert opinion, it is possible that the accident caused the white spot in the spinal cord at the level he operated.

9. In order to prove that the injuries suffered by the Plaintiff are related to the negligence of the Defendant, Plaintiff must offer more than mere speculation or that the Defendant's negligence is more than just one potential cause among many. However, expert medical testimony to a reasonable degree of medical certainty is not required to prove the issue. It is instructive that the Defendant does not cite a single case to support his position that evidence of the injuries and the treatment therefore are inadmissible absent expert medical testimony to a reasonable degree of medical certainty. In fact, Alabama case law indicates the opposite.

10. While the case law in Alabama is sparse in the area of common tort litigation, the issue is addressed frequently in the worker's compensation field, where medical causation is a required element of proof. Medical causation is the very point that the Defendant argues is lacking in this case. In *Ex Parte Price,* 555 So. 2d 1060 (Ala. 1989), the Alabama Supreme Court reversed the decision of the Alabama Court of Civil

        Appeals, which had held that the testimony of a doctor was required to prove medical causation. The court stated, "[L]ay testimony may combine with medical testimony to supply this requisite proof; and that the medical testimony, when viewed in light of lay evidence, may amply support the medical causation element without the expert witness's employing any particular requisite language. It is in the overall substance and effect of the whole of the evidence, when viewed in the full context of all the lay *and* expert evidence, and not in the witness's use of any magical words or phrases, that the test finds its application." *Id* at 1063. *See also* Skelton v. Uniroyal Goodrich Tire Company, 77704 So. 2d 95 (Ala. Civ. App. 1997).

11.    It is clear from the case law that lay testimony, combined with medical testimony that falls short of a reasonable degree of medical certainty, can be sufficient to establish medical causation. The Plaintiff testified at deposition, and will testify at trial, that she had experienced no problems with her neck since 1989 until the time of the accident. She reported the same to Dr. Adams. The cases specifically indicate that a sudden, traumatic injury is exactly the type of case where lay testimony and somewhat inconclusive medical testimony may be combined to prove medical causation.

12.    The defense is attempting to take away from the jury its essential function, *i.e.*, determining from the evidence whether the treatment Plaintiff received was reasonable and necessary. The jury instruction itself informs the jury that the decision is theirs. To take the decision away from the jury, there must be no substantial evidence that the injuries were caused by the negligence of the Defendant. The doctor's testimony that it is possible, coupled with the Plaintiff's testimony that she experienced no difficulties for fifteen years, clearly presents enough evidence for the jury to draw a reasonable inference that the Defendant's negligence was the proximate cause of the Plaintiff's injuries and subsequent treatment. Whether there is enough evidence to prove proximate causation by a preponderance of the evidence is a matter for the jury, and the Defendant is certainly free to argue to the jury that the Plaintiff has failed to meet that burden of proof.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion in Limine insofar as it suggests that Plaintiff's medical treatment and the bills resulting therefrom are not admissible.

## RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S IDENTIFICATION OF DEPOSITION TESTIMONY TO BE USED AT TRIAL

13. Defendant's objection to these portions of the deposition testimony are identical to the issues raised in his Motion *In Limine*, and therefore the Plaintiff adopts her response to said motion in response to such objections. The deposition testimony is from an uncontroverted medical expert, and the weight and sufficiency of such evidence is a matter for the jury's determination. The testimony certainly assists the jury in weighing the Plaintiff's testimony, and the two coupled together are clearly sufficient for the jury to draw the reasonable inference that the negligence of the Defendant was the proximate cause of the Plaintiff's injuries and subsequent treatment.

WHEREFORE, Plaintiff respectfully requests that the Court overrule the Defendant's objections to the Plaintiff's identification of deposition testimony.

## RESPONSE TO DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S EXHIBITS

14. To the extent the Defendant's objections to Plaintiff's exhibits mirror the issues raised in his Motion *In Limine* and his Objection to Deposition Testimony, Plaintiff adopts her response to those issues identified above.

15. The only issue raised in Defendant's objections to the exhibits that is not raised in his other filings is the objection to Dr. Adams office note. Dr. Adams testified that the statement contained in the notes was an accurate statement. There is no valid basis to object to the notes in the document, as Dr. Adams has verified its accuracy in sworn deposition. Further, the note is clearly not hearsay, as it falls within the records exception to the hearsay rule. The document is a business record, and any statements made by the Plaintiff in the documents would fall under the exception for statements made for the purpose of medical treatment.

WHEREFORE, Plaintiff respectfully requests that the Court overrule Defendant's objections to the Plaintiff's exhibits.

Respectfully submitted this the 7th day of May 2007

           _____//s// Benjamin H. Parr_
           Benjamin H. Parr (PAR-112)
           Attorney for Plaintiff

## CERTIFICATE OF SERVICE

  I do hereby certify that I have on this day delivered a true and correct copy of the foregoing Response to the attorney for the Defendant, Stan Martin, by electronic filing on this the 7th day of May 2007.

           _____//s// Benjamin H. Parr_
           Benjamin H. Parr
           Attorney at Law
           410 Second Avenue
           Opelika, Alabama 36801
           Telephone Number: (334) 745-3333
           Facsimile Number: (334) 745-3155